Virginia Young, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued August 24, 1981, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*E. J. Julian,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

PER CURIAM, September 17, 1981:

The appellant, an unemployment compensation claimant, contends that the compensation authorities erred in denying her compensation on the ground that she had voluntarily quit her employment as a school cafeteria worker without necessitous and compelling cause. The reason given by the claimant for quitting her work was that cold water affected her condition of arthritis. At the referee's hearing, her school district employer adduced substantial evidence in the form of testimony of school supervisors that there was cafeteria work not involving having her hands in cold water to which the claimant could have been assigned if she had asked for other work. An unemployment compensation claimant who assigns health as a reason for quitting her employment is required to show, *inter alia,* that she requested her employer for other work which would be within her limitations. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547,

381 A.2d 132 (1977). The appellant failed in this requirement.

Order affirmed.

## Per Curiam Order

And Now, this 17th day of September, 1981, the order of the Board of Review dated April 7, 1980, is affirmed.

## Per Curiam Amended Order

And Now, this 21st day of September, 1981, the Per Curiam Order filed September 17, 1981, in the above-captioned case is hereby amended to read as follows:

And Now, this 17th day of September, 1981 the order of the Board of Review dated June 6, 1980, is affirmed.